IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BADGERLAND FARM CREDIT SERVICES, ACA,
n/k/a BADGERLAND FINANCIAL, ACA
and BADGERLAND FARM CREDIT SERVICES, FLCA
n/k/a BADGERLAND FINANCIAL, FLCA,

                Plaintiff,

v.

DANIEL E. WILLIAMS, SUSAN E. WILLIAMS,
CAPITAL ONE BANK USA NA and
SILVER OAK TRUST,

                Defendants.

ORDER

10-cv-109-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants Daniel and Susan Williams have filed a notice of removal of a state mortgage foreclosure case filed in the Circuit Court for Grant County, Wisconsin. Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). The burden of establishing federal jurisdiction is on the party seeking removal. Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000). I conclude that defendants may not remove this case, for several reasons.

Generally, federal courts have the authority to hear two types of cases: (1) those in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) those in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332 (establishing diversity jurisdiction). Defendants have not tried to show that a controversy exists between citizens of different states; therefore, they have shown no basis on which this court could exercise diversity jurisdiction in this case.

Moreover, this court does not have subject matter jurisdiction under 28 U.S.C. § 1331. Mortgage foreclosure cases are relegated traditionally to state law. Hilgeford v. Peoples Bank; 776 F.2d 176, 179 (7th. Cir 1985); Hammond v. Kunard, 889 F. Supp. 1084, 1090 (C.D. Ill. 1994). In arguing that this court has original jurisdiction, defendants seem to rely on 12 U.S.C. § 2277a-7(4)(B), which is section 5.58 of the Agricultural Credit Act

2

of 1987, a federal law that allowed farmers and ranchers to restructure their debts following the financial crisis of the early 1980s. Stahl v. United States Department of Agriculture, 327 F.3d 697, 699 (8th Cir. 2003). Section 2277a-7(4)(B) states:

> Jurisdiction. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy, and the Corporation, in any capacity, without bond or security, may remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal then in effect.

Defendants seem to assert that plaintiff is the "Corporation" identified in 12 U.S.C. § 2277a-7(4)(B). However, 12 U.S.C. § 2277a(2) defines "Corporation" as the Farm Credit System Insurance Corporation established in 12 U.S.C. § 2277a-1. 12 U.S.C. § 2277a-7(4)(B) does not apply in this case because the Farm Credit System Insurance Corporation is not a party.

In addition, defendants seem to argue that this court has jurisdiction because they will raise federal issues in litigating the case; for example, they allege that plaintiff is organized under the Farm Credit Act of 1971, 12 U.S.C. § 2001 et seq., a federal law that makes credit available to farmers, ranchers and their cooperatives. However, it takes more to make a state law action removable to federal court than the possibility (or even the reality) that a defendant will rely on federal law for its defense. Caterpillar, Inc. v. Williams, 482 U.S. 386,

3

399 (1987); Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995).

There is one more reason why remand should be ordered: this court may not exercise jurisdiction over this case under the Rooker-Feldman doctrine, which states that federal courts may not adjudicate claims that seek to invalidate judgments imposed by state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Review of the state court record shows that on July 17, 2009, the Circuit Court for Grant County, Wisconsin, entered judgment against defendants in this case.

Finally, I note that all defendants must join in a removal petition. A petition that is not signed by all named defendants is defective unless the petition contains an acceptable explanation for the absence of co-defendants. Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272-73 (7th Cir. 1982). Defendants' notice of removal is defective because it lacks an explanation for the absence of co-defendants Capital One Bank USA NA and Silver Oak Trust. Usually, an amendment to the petition may be used to correct this defect, but as discussed above, defendants have failed to demonstrate that this court has subject matter jurisdiction in this case. Accordingly, defendants may not remove this action.

ORDER

IT IS ORDERED that Wisconsin case no. 09-cv-299 is REMANDED to the Circuit

Court for Grant County, Wisconsin.  The clerk of court is directed to transmit the case file to the Grant County court promptly.

   Entered this 18th day of June, 2010.

       BY THE COURT:
       /s/
       BARBARA B. CRABB
       District Judge